We are glad to see you here this morning. It reminds me of my former district court days where we were in a buzzing courthouse with lots of people around. We have got two panels this week, and it is nice to see you all here. Judge Rosenbaum, and my name is Beverly Martin, by the way, and Judge Rosenbaum, who is my And we both welcome Judge Boggs, who hails from Kentucky. He sits on the Sixth Circuit there, and he blesses us with his presence fairly regularly. I think we decided it was his fourth sitting in the Eleventh Circuit. So he has his own full workload in the Sixth Circuit and nevertheless comes to help us here. So we are appreciative and glad to have you. I think I have fairly experienced counsel, but you are familiar with the stoplight system, and I try to get you to stop when it turns red. But with that, I will call the first case, and it is United States of America v. Nathan Van Buren. Thank you, Your Honor. Good morning. Good morning. May it please the Court. My name is Seralene Durrett, and I represent Mr. Van Buren in this case. We are asking that you reverse both of Mr. Van Buren's convictions in the case. We have raised a number of issues in our brief, and we think many of them warrant reversal, including the use of incorrect jury instructions and the failure to give correct requested instructions, insufficient evidence as to both counts, and violations of the Confrontation Clause. And I will start with the Honest Services fraud count, which ended up being count one in the indictment after the first count was dismissed. There was insufficient evidence in this case to prove that Mr. Van Buren committed a violation of the Honest Services fraud statute because there was no evidence that he committed an official act in exchange for money. At first glance, it does seem like an official act. When you look at it, it is something that he did at work. The allegation in this case is that he ran a license plate for information through the GCIC system for money. That's the allegation. But what we know from McDonnell, McDonnell v. The United States, is that official act is actually a term of art, that there's a specific meaning for the phrase official act, and it's not the official act or action that we might associate with common usage or even that the jury might associate with common usage. There's a very specific meaning for that phrase. Now, when it came time to instruct the jury in this case regarding Honest Services fraud, defense counsel requested the pattern instruction from this court, and the trial court determined that that would be confusing to the jury and decided not to give the pattern instruction. It seems like what the requested charge was about was getting at the very issue that was makes it a fact question, as I understand it, is that right? About whether a certain act is an official act. I think that's right, Your Honor. So the question for the jury or the question that we believe should have been presented to the jury was, was this an official act? Certainly in its closing argument, the government argued running the tag is an official act. But when defense counsel said, look, if you look at the language from McDonnell, which talks about what an official act is, it tells us that it has to be something akin to a lawsuit before a court, a determination before an agency, or a hearing before a committee. And the trial court said, no, I don't think it's like that. I think we can do something more expansive than what McDonnell said. The court said, I'm only going to instruct on what that it needs to be a question or matter. And I think that question and matter can be more You look at McDonnell, page 33 is directly on point where the court says, we define question or matter by the terms it is associated with, the terms that it's included with in this statute. And those are controversy, you know, and the court says, it is similar to those things. It must be akin to those things. But the trial court said, no, that's confusing to the jury. I'm not going to instruct that way. Then, when the court, and trial counsel did a great in this case of pressing this issue repeatedly. When the court was again pressed on it, the court said, I don't think there was a controversy here. He ran a tag. I mean, that's not the decision-making process. It's not like the McDonnell case. And the court said, I don't think you can say that using the GCIC computer, whatever it was, is something that's similar in nature to a lawsuit, a determination before an agency, or a hearing before a committee. They're totally different. So the trial court recognized that the facts of the case would not warrant a conviction under the language from McDonnell and from the pattern instruction here. And the court said, for that reason, I'm not going to give that part of the instruction, the part that tells a jury that official act is a term of art with a specific meaning. So the charges went out to the jury with no further instruction on that issue. Now, I did cite in my brief other cases, other more recent cases that came after McDonnell. And one of the cases I would point the court to is that Valdez case from the D.C. Circuit, which was an on-bank decision by the D.C. Circuit, where they dealt with almost exactly the same issue. And the court said, the honest services fraud instruction, this official act instruction, is aimed at the corruption in the decision-making process of government. We're talking about the formal exercise of governmental power. So McDonnell tells us we have to identify what that question is that's pending, that's akin to those things I talked about, and we have to find out if that official took action on that question. And we didn't have either of those things that happened in this case. Now, at trial, the government said, the question is whether he would run the tag, right, whether he would run the tag. Now, in its brief, the government says, oh, the question is whether he would provide information to this other person about a supposed undercover officer. But that question was never presented to the jury. There's no evidence that the jury determined that question, understood it. Don't they say, actually, in some of the briefing, the question was whether he should do the act or not, but that would encompass everything, because we always have to decide whether or not to act. But to draw, because we have to draw a line here, if, in fact, Albo was, let's say, had been indicted or had been actively under investigation, and he was asked to do something that would impact that investigation to destroy evidence, something of that sort, would that then make it within the bounds of McDonnell? It would, Your Honor, and that's what the Valdez case talks about. It was pre-McDonnell, but it talks about how just answering a question, whose car is this, which is the question that you're asking when you run a tag, whose car is this, who owns this car, just asking that question is not enough to qualify as an official act. But if you take action to start an investigation or stop an investigation or try to influence a vote on something, that's when you're talking about that decisionmaking process and trying to influence the decisionmaking process. And we just don't have that here, and the jury wasn't informed that that's what they needed to have to do a conviction on that case. And so, if, for example, the jury had been properly instructed and the government's theory had been that the matter was a pending investigation into prostitution, then this might qualify? I don't, Your Honor, I don't think so, because I'm not sure that it was a pending investigation into prostitution. If you're saying there were — if there was more facts, that there was a prostitution investigation going on, and Mr. Van Buren is not — Does it have to be an actual — but, I mean, obviously, it's an undercover sting. I mean, it's not an undercover sting. It's a sting, right? So if — so there's not a real prostitution investigation going on, but had there been a prostitution investigation going on, and had he done what he is alleged to have done, then it seems to me it would qualify under McDonnell. Your Honor, I don't think it does, just as on a reading of that Valdez case. It's an inquiry. It's some part of a query. If it's tethered to the investigation in some way that influences the investigation, it says, you know what, now that I've found this information about this person that he alleges to be an undercover, I'm going to either start an investigation or make a phone call to stop the investigation. That's when you're getting into influencing the decision-making process. But why wouldn't it influence the matter under investigation if there were a prostitution investigation to alert the person — to alert Albo that there was an undercover cop who was posing as, I guess, a prostitute? Well, Your Honor, I think the issue here — well, there are a couple of issues there. One of them is that Mr. Albo made repeated requests to the police department. This last request was about a totally live nude dancer, and he came to Mr. Van Buren and said, I think she's undercover. There was no description about what that actually meant. But I don't think anybody in the case actually thought that a totally live — totally nude live dancer was an undercover officer. I don't think there's any evidence that there would have been an undercover officer was dancing at the Pink Pony. So I agree there was no actual investigation. I guess what I'm asking you is — and I guess what I'm asking you is, is it enough to show a pending matter or whatever for it to be a fake investigation, if you will? I think the Valdez court talks about that, too. And I think if it were a real investigation and they showed he took action to influence the investigation — I don't think running the tag influences the investigation, but if he took — I see my time is almost up — but if he took action to influence the investigation, then yes, even if it's a fake investigation, I think you have a problem. I think there's a violation. Thank you. Thank you. Good morning, Mr. Brown. Good morning. May it please the Court, my name is Jeffrey Brown, and I'm here on behalf of the United States of America. I want to pick up where opposing counsel left off. The government's argument is that the pattern during instruction was not a correct statement of law under the facts of this case, while the instruction given by the district court was. I think you have a problem here with the instruction, and I want to give you an opportunity to explain why it's not. And specifically under McDonnell, I think that McDonnell focuses on just what kind of pending matter something must be, that is, the significance of the pending that were given did not convey the significance of the type of matter that it needed to be. That it needed to be something comparable, for example, to a lawsuit or something of that nature. And then to sort of compound the problem, I don't think that the matter that the government described during trial would have qualified as a matter under McDonnell. So I think there are two problems here, and I think it made a big difference to whether or not the jury was able to determine whether Mr. Van Buren actually committed the crime he was alleged to have committed. So I don't know if you want to? I'll start with the second point, Your Honor. The questioner matter, I'm not sure why there's confusion, but the questioner matter was whether this person who Mr. Albo said he was interested in was an undercover officer. The evidence clearly shows that he approached Mr. Van Buren with that question. Can you help me find out if this person is an undercover officer? So that is a questioner matter. Now, the steps that Mr. Van Buren took— How is that like a lawsuit, hearing, or administrative determination? It's not. So isn't that a problem? I don't think so, Your Honor. Why isn't it a problem under McDonnell? Well, under McDonnell, if you look at—I'm looking at page 2369, and I'm quoting from the actual opinion. It says, Under a more confined interpretation, however, question and matter may be understood to refer to a formal exercise of governmental power that is similar in nature to a cause, suit, proceeding, or controversy. And aren't those exactly the words that were left out of the instruction? Exactly words that were left out of the instruction. And then—but that does not necessarily fall into one of those prescribed categories. So what I believe the district court did in this case correctly was recognize, one, that the McDonnell decision dealt with political corruption. And in the— But, I mean, the governor was—as I recall the facts, I mean, one of the problems that was the subject of that litigation, that the governor allowed the governor's mansion to be used, you know, for this pharmaceutical friend of his to promote a product. And so, I mean, they said, you know, that was not an official act. Right. That's correct, Judge. But in this case, it's different. So I think what— Well, every case is different. It is. Every case is different. But looking at the—if the court were to adopt that the pattern during instruction, that particular line that the government believes did not have to be included with respect to this case, that it must be similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee. If this panel believes that that is a director from—director from McDonnell, then these kind of official corruption cases cannot be prosecuted under honest services. Wire fraud— But how is that so, though? I mean, why couldn't you just prosecute it in the same way with the language in there and state—have the government state that its theory is that the matter, the official matter that was pending was, you know, an investigation into prostitution? Of course, it's not real, but that was the matter that he was attempting to make an act on, right? And so when he went ahead and he ran the license plate to find out whether or not this fake woman, I guess, was an undercover cop, he took an action on a pending matter. Why couldn't you prosecute it that way? Well, because the language goes back to it must be similar in nature to a lawsuit. It's not a lawsuit in a court. A determination before an agency is not a determination before an agency. It doesn't have to be that. It has to be similar to—similar in nature to that, which— Right. —which the McDonnell court explained means it has to be of that type of significance. It has to—and why wouldn't a pending investigation be of that type of significance? It's limited in time. It's a governmental inquiry. It's official. It's on a subject, and it is an official act of the government. So why is that not—why is that not similar in nature to, you know, a lawsuit, et cetera? I'm not saying that it's not similar in nature to a lawsuit, but I think an argument could be made that—and I think that's why the district court recognized it could confuse a jury—that if you look at that, it's not like a lawsuit. And I think the district court— Which, of course, the answer—go ahead. I mean, it can be any of those other things, but it has to be something more than just something that shouldn't be done, because under your theory, as it was put, isn't almost anything that an officer does that he shouldn't be doing—you know, I can give you a bunch of hypotheticals of, you know, there's a police surveillance, there's a video camera, and just generally, I'd like to know if that shows my wife at a certain street corner. Now, that's confidential information. They shouldn't give it to me, but under your theory, it's a question or a matter. Was my wife at that street corner? That's my problem, is, granted, it's not perfect, but the government's theory without that language, which is straight from McDonald, makes anything a question, because you just said, I thought, the question was, is she an undercover cop? Well, anything that the police know that maybe they shouldn't tell you is a fact, and you ask a question. Right. So how would you cabinet? The Supreme Court certainly seems to say it needs to be cabinet. Judge Rosenbaum's questions and Judge Martin's questions seem to indicate one way of trying to cabinet. You don't like that. Can we cabinet at all, or am I right that it's that broad? Well, it's not that broad, but the instructions given by the district court from McDonald, it says what the district court instructed the jury. To qualify as an official act, the public official must have made a decision or taken action on a question or matter. And your definition of question at different places in the briefs is completely broad. At one point, you say the question is, should he act or shouldn't he act? That covers everything. But here, you said the question is, is she an undercover cop? Any fact is a question. Right, and I think the instruction in McDonald that the district court used, it cabinets it by saying the question or matter must involve the formal exercise of governmental power. So under your scenario, you pose to me a surveillance video. Is that a formal exercise of governmental power by officer just pulling that surveillance tape? I don't think so. Why is that any different than running the tag? In one of them, you look at a camera, in one of them, you look at a computer. I thought your definition of an exercise of official power is something that a policeman does. Something that a policeman does. Because here, this is all he did. He did something that he physically was able to do, but he shouldn't have given out. Well, he did more than that. I think the court's getting kind of focused. He did it for money. He was bribed, but that's a separate matter. Right. It's a separate element. Right. I think the court is focused on the actual running of the tag, where I think the government's being consistent at trial, and it is brief, saying that the question or matter is the inquiry into whether it was a law enforcement officer who was undercover, and that's what the money was paid for, and the actual running of the tag was his taking a step to actually do that and inquire about that, but that wasn't the question or matter. So, if they had just asked him, hey, do you know if Natasha's an undercover cop, and he said yes, that would have been honest services fraud? Yes. I mean, do you have to get the wire in there somewhere? Yes. I believe that under— So, that was where I came in, is that anything that a cop says that he shouldn't say is an official act. Well, you know, I think part of the reason why—you brought up Valdez, and in Valdez, they talk about a distinction between—it's under 201, and it talks about official duty and official act, and in that decision, there's a—I think that decision, number one, that decision was not—the narrow definition of official act in that case was distinguished in Moore, and Moore said, which is after Valdez—Valdez is the D.C. Circuit opinion—the 11th Circuit in Moore, after Valdez, says, no, we do not agree with that narrow definition of official act that the court held in Valdez. So, that's one point the government wants to make. Two, I also believe, if you look at the Valdez decision, I think it's important for this panel to look at that, in that official duty and official act. In Valdez, it's 201, and there's a gratuity statute, and there's also a bribery statute. The bribery statute, if you look at Justice—now Justice, but then Judge Kavanaugh's concurring opinion in Valdez, he talks about, in that case, if that defendant had been convicted of the bribery statute, he talks about official duty, then that would be sufficient. But because he was acquitted on the—acquitted on the bribery and only convicted on the actual gratuities, that wasn't insufficient because of the definition of official act in that—in 201. Let me see if I can come at it this way, just to make sure we're all starting with the same assumptions. I mean, when we write this opinion, we've got a—we've got a framework we have to follow. So the—when you've got a complaint about a jury charge, the first question we ask was, was the requested jury charge correct? And I think we agree the answer to that is yes, right? I mean— Well, the government said in its brief, and I'm saying now, that it was correct, but not under the facts of this case. But it doesn't sound like the Court is hearing that. So if we move on to the second point, the second— I mean, I think we're hearing it. We may not be agreeing with it. Right. And that's not actually even the inquiry, right? Isn't it—is it correct as a matter of law, right? Is it a correct statement of the law? So you would agree, though, that it is a correct statement of the law? Yes. Okay. It's in McDonald. It's a correct statement of the law. Okay. And number two, not substantially covered by other instructions that were given. We agree that what the—what Mr. Van Buren asked for was not given, not covered by other instructions. And I disagree with that. I believe that the instruction crafted by this Court covered the concerns in McDonald, and that was sufficient to charge a jury on the—how to determine an official act. Okay. I understand your position. Right. And then the—did it impair his ability to defend himself? Right. And that's—so you disagree with two and three? Correct. So we have to—okay. We have to rule on— Could I ask a quick question on the computer access? Does that—is that impacted by the McDonald at all? That is, if we should rule against you on the whole McDonald question, does that affect the conviction on the unauthorized access? Not at all. I mean, the Government cited in its brief the Rodriguez decision from the Eleventh Circuit, which is good law, on this particular charge. And I believe this Court is bound by the ruling in Rodriguez as it relates to the defendant's arguments relating to the computer fraud charge. But I also want to—also want to go to the harmless error analysis as well for the pattern for the jury instruction. And I did a supplemental letter brief, and in that I included the case of United States v. Polisi. It's a case, I guess, of quorum nobis related to a charge of bribery under 201. And in that case, in an unpublished decision, the Court held that despite the fact that the instructions in that case did not comply with McDonald, it was harmless error because of the—because in that case, it was—it met the elements of McDonald in that it was specific. There's a question involving involvement of former exiles of government of power. It was specific in that case. That case involved a contract that was up and a bribery related to that contract. And that—the individual defending that case took action on that. And I think you had that here as well. So this Court, even if it finds that the instruction was not a correct statement of the law and did not comply with McDonald, that it was harmless error in light of the nature of the question or matter that it was a specific action taken on that matter and it complied with the requirements, overall requirements of McDonald. Thank you, Mr. Brown. Thank you. Mr. Rupp, before we start your time, I just wanted to give you a question to work in your answer to as you see fit. So mechanically, how would it work if you won on one issue and not on the other? I assume that since there are concurrent sentences on the two convictions, that the sentence would be vacated and you would go back and have a trial on one issue and not the other? Is that— Well, Your Honor, I think if the Court ruled that there was insufficient evidence, he wouldn't, you know, that charge would be vacated. And then if the Court ruled that the other conviction was sound, I think that he would retain that sentence of 18 months on that second charge, whichever one the Court determined was a sound conviction. But by the second charge, you mean the computer unauthorized access? Or whichever one the Court—yes. That's correct, Your Honor. Yes. Okay. Well, he did receive the same sentence to run concurrent on both counts. And if I can just address Rodriguez, I know the government touched on it briefly in response to Judge Boggs' question. Is that okay if I address Rodriguez for a second? Yes. Okay. So we outlined Rodriguez in both our opening brief and our reply brief. But one thing I want to say about Rodriguez is I do think there are a couple of distinctions between Rodriguez and this case. In that case, not only was Mr. Rodriguez charged with a violation of a different part of the statute, the part of the statute that talked about using a government computer. And I understand that may not be—that may be a distinction without a difference. But the new case law that's been coming around is talking about how it's the statute that Mr. Van Buren has been charged with that's really ripe for abuse, because it talks about a protected computer being any computer that affects interstate commerce. So now what we have is a wide-open situation where someone can be charged with a or an end-user licensing agreement. So the person who's drafting those terms of use policies is now setting the boundaries for Federal law, Federal criminal law. And we cited civil cases where there's a discussion about whether this is appropriate, the definition of exceeding authorized access. But I certainly think in the criminal context, it's obviously much more critical when you're talking about letting the— Does that mean the statute's unconstitutional? Or what does it mean in terms of our analysis of it? Well, Your Honor, I think it's two things. One, I think that we'd ask the Court to revisit the Rodriguez decision. We think this case is a little bit different than Rodriguez because in Rodriguez, the Court acknowledged that Mr. Rodriguez admitted that he did not have any proper purpose for doing the research he was doing. And he also admitted that he did unauthorized searches. And there's no evidence in this case that Mr. Van Buren made those kinds of admissions. Well, he kind of did, though, didn't he? I mean, he admitted that he was doing it, that he was doing the search for Mr. Albo to find out whether it was an undercover cop. And he also admitted that he knew that it was wrong. So I'm not sure we can get away from it on the facts. And as far as—you might be right about your thoughts on whether Rodriguez is right or wrong, we're bound by it. So don't we have to follow it? Your Honor, I think if the Court—it's two things. One, I think we are distinguished from Rodriguez in those ways. But if the Court determines that that's not true and that it believes it's bound by Rodriguez, we'd ask the Court to take a second look at Rodriguez, especially in light of the new cases that have been coming down. This statute was written in 1986 when very few people had access to computers. The statute now is being applied as that Ninth Circuit—the Nossel case talks about this particular provision of the statute. The protected computer, any computer affecting interstate commerce, affects every single one of us who logs onto a computer. And I understand what you're saying, but for the three of us, aren't we bound by Rodriguez? Is there some way that you think we're not bound by Rodriguez? Well, Your Honor— Other than the facts which you've just described. Right. No, I think the Court can say that there is precedent from this circuit finding that the misuse of information, but I do think the Court could also recognize that there's been kind of a tidal wave of discussion now about the Computer Fraud and Abuse Act, where courts are starting to recognize that it shouldn't be interpreted this way. And the language from those cases that we cited, not only in the civil context, but in the criminal context, I think is relevant to the Court at least looking at the case. Thank you. I understand the Court's determination that it may be bound by Rodriguez. As far as the honest services fraud questions that the Court had, I do think the Court asked about what the analysis should be when a defense counsel asks for an instruction that's not given. In this case, the trial court said it believed that the instruction that was requested was a correct statement of the law, but that it had no basis in this case. So the Court said, yep, I think that's a correct statement of the law, but it has nothing to do with us. So that's the first part. The second part, we don't think it was covered by any of the other instructions that were provided. And as I outlined in the brief, the government was able to stand up in closing argument and say to the jury, running the tag is an official act. We think running the tag is an official act. Defense counsel could not stand up, you know, straight-faced and say running the jury would go to its common usage of what is official act. There was no term-of-art description in the instructions provided to them. So to stand up in front of the jury and say he was in his uniform, he did it during the workday, it's something that happened while he was at work, but it's not an official act, the jury would just disregard that. May I ask you, you would agree, though, that there would be a way to prosecute the crime that's actually charged, just assuming that somebody did these things, right? There would be a way to prosecute this crime under this statute. Would you agree with that? If it's tethered to an investigation and has some effect on the investigation, either squelching the investigation, furthering the investigation for a purpose that is not the lawful purpose. I don't think... Well, if you revealed an undercover cop to a member of the public who was going to interact with that undercover cop, wouldn't you agree that that could have an effect on the investigation? But that's not what he did, Your Honor. He ran his head. I understand, but I'm asking you a hypothetical question. If there were an investigation where someone revealed to another person that a person, that a cop was working undercover, yes, but that would be charged differently than it's charged here. He's charged with running the search. He's not charged with the use of the information. And even when we're talking back about Rodriguez, Rodriguez says, we don't care what you do with the information. It's not the use of the information for that computer fraud violation. I see my time is up. It's not charged that way here. It's charged as the moment in time when he did the search. It's not the moment in time when he might later share the information. And Valdez talks about some future investigation. If it could be tethered to a current investigation, yes, it could be a violation. But if it's some imaginary future investigation, we're not there. It doesn't meet the statute. Thank you. Thank you so much. I found this argument very helpful. Thank you. Thanks to you both. And I will call the next case of Mr.